UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DENNIS W VANICOR ET AL** | CASE NO. 2:25-CV-00061 |
| **VERSUS** | JUDGE JAMES D. CAIN, JR. |
| **BARNES TRANSPORTATION SERVICES INC ET AL** | MAGISTRATE JUDGE LEBLANC |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by Dennis W. Vanicor and Sheila A. Vanicor ("the Plaintiffs"). Doc. 10. Removing defendants Barnes Transportation Services, Inc. and Keith Barnes oppose the motion. Doc. 12. The motion requires the court to determine when this matter first became removable. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

Having considered the parties' submissions and the arguments raised at hearing on this matter, and for the reasons stated herein, **IT IS RECOMMENDED** that Plaintiffs' motion to remand be **DENIED.**

I.
BACKGROUND

On August 30, 2024, the Plaintiffs filed a Petition to Perpetuate Testimony in the 14th Judicial District Court, Calcasieu Parish, Louisiana, initiating a civil action styled *Vanicor v. Barnes Transportation Services, Inc.*, No. 2024-3642 (La. 14th Jud. Dist. Ct.). The Petition names as defendants Barnes Transportation Services, Inc. and Keith Barnes (the "Defendants"). Doc. 1 att. 3, pp. 3–5.

1

The Petition references prior litigation styled *Vanicor v. Canal Insurance Co., et al.* No. 2:22-cv-0801 (W.D. La.). In *Vanicor v. Canal Insurance*, Dennis and Sheila Vanicor, plaintiffs herein, sought damages from Defendants and their insurer stemming from a motor vehicle collision that took place on or about May 20, 2021. No. 2:22-cv-0801, doc. 53 (4/5/2024). The district judge dismissed *Vanicor v. Canal Insurance* after the parties filed a Notice of Settlement, indicating that "a full and final compromise has been reached between the parties to the instant litigation." No. 2:22-cv-0801, doc. 53 (4/5/2024).

The instant Petition to Perpetuate Testimony states that an affidavit of Keith Barnes, CEO of Barnes Transportation Services, Inc., was instrumental in bringing about settlement of *Vanicor v. Canal Insurance*. Doc. 1 att. 3, pp. 3–4. The Barnes affidavit provided information and authenticated documents "concerning the financial condition of Barnes Transportation." Doc. 1, att. 3, pp. 6–9. The affidavit also provided that if any representations therein "are materially untrue, that would be grounds for Plaintiffs to set aside the settlement and release of their claims in this lawsuit and seek additional recovery from Barnes Transportation." *Id.* Through the Petition to Perpetuate Testimony, Plaintiffs seek leave of court to propound discovery on and take the depositions of Barnes Transportation Services and Keith Barnes, "to ascertain if Petitioners have a basis to proceed to set aside the settlement . . . ." *Id.*

On December 16, 2024, the Plaintiffs supplemented the initial Petition to Perpetuate Testimony with a Supplemental Petition. Doc. 1, att. 3, p. 46. In the Supplemental Petition, Plaintiffs describe the accident and damages that gave rise to *Vanicor v. Canal Insurance*, and for the first time they formally invoked their right, per the Barnes affidavit, to set aside the settlement of that litigation and seek additional recovery from the defendants. *Id.* at 46. They also allege that "Canal paid in settlement its policy limits of $1,000,000.00 and should receive credit for the

sums paid, however, the damages of Petitioners exceed the sums paid and Petitioners are entitled to recover the damages to them not previously paid from Barnes." *Id.* at 51.

Defendants removed the case, asserting that this court may exercise diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Doc. 1. The Notice of Removal asserts that the matter first became removable 30 days earlier,[1] on December 16, 2024, when Defendants received the Supplemental Petition seeking to rescind the $1,000,000 *Vanicor v. Canal Insurance* settlement. Doc. 1. Plaintiffs filed a timely Motion to Remand. Doc. 10. Plaintiffs argue that the amount in controversy was clear on the face of the original Petition to Perpetuate Testimony, which references the possibility of seeking to set aside the settlement. Because the matter was removed more than 30 days after it was initiated, Plaintiffs argue that the matter should be remanded as untimely.

## II.
### Law

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 357, 377 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." 28 U.S.C. § 1441(a). However, the federal district court must

---

[1] Due to a CM/ECF processing error, the Petition for Removal is marked as if filed on day 31. The date of the court-generated banner on the removal documents is January 16, 2025. Doc. 1. Defendants present affidavit evidence that the Petition for Removal was filed on January 15, 2025, at 4:40 p.m., that the filing fee was accepted at that time, that a payment confirmation email was generated indicating the filing as of January 15, but that the removal documents were not processed in the system until the next morning, resulting in the January 16, 2025, banner. Doc. 12, att. 5. The court finds these submissions sufficient to show that the Notice of Removal was timely submitted, if not accepted into the ECF system until January 16, 2025.

3

remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Under 28 U.S.C. § 1332, this federal court has original jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000. To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

The removal statute at 28 U.S.C. § 1446 (b) governs the timing of removal. Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief . . ." 28 U.S.C. § 1446(b)(1). This 30-day period, however, "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). To trigger § 1446(b)'s initial 30-day removal period, the initial pleading must include a "specific allegation that damages are in excess of the federal jurisdictional amount." *Id.*; *Mumphrey*, 719 F.3d at 400. When "the case stated by the initial pleading" does not provide grounds for removal, a defendant may remove the action "within 30 days after receipt . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The *Chapman* measure

4

of the 'affirmatively reveals on its face' standard does not apply to the second paragraph of section 1446(b), but rather the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

### III.
#### APPLICATION

To exercise subject matter jurisdiction under 28 U.S.C. § 1332, the action must be between citizens of different states, and the amount in controversy must exceed $75,000. Neither party disputes that the parties are of diverse citizenship, and the court is satisfied that the diversity requirements of 28 U.S.C. § 1332 are met.[2] The amount in controversy is also uncontested, per stipulation at hearing on this matter.[3] Accordingly, the sole question presented by this motion is whether the original Petition to Perpetuate Testimony "affirmatively reveals on its face" the amount in controversy so as to put Defendants on notice that the case was removable at its outset.

The Petition to Perpetuate Testimony seeks discovery from Defendants to determine whether the Barnes affidavit contains material misrepresentations that would make it appropriate to set aside the *Vanicor v. Canal Insurance* settlement. Although the Petition references the

---

[2] Defendants' Petition for Removal and Plaintiffs' Supplemental Petition allege in substantially similar language that Plaintiffs are domiciled in and citizens of Louisiana; defendant Barnes Transportation Services, Inc. is a North Carolina corporation with its principal place of business in North Carolina, and therefore a citizen of North Carolina; and that defendant Anthony Keith Barnes is domiciled in and a citizen of North Carolina. Doc. 1, p. 3 (removal petition); doc. 1, att. 1, pp. 46–47 (supplemental petition). Accordingly, plaintiffs and defendants are of diverse citizenship.

[3] At hearing on this matter, the Plaintiffs stipulated that the amount in controversy significantly exceeds the jurisdictional threshold under 28 U.S.C. § 1332, reasoning that if the settlement is set aside, there is no question that the amount in controversy would exceed $75,000. Audio recording of hearing at 10:22:30–10:25:30 (3/18/2025). *See also Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) ("[I]n cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy.").

possibility of setting aside the settlement, the only relief sought is leave to conduct discovery. This is consistent with Louisiana's rule establishing the petition to perpetuate testimony, which allows a person facing the prospect of litigation to seek authorization to perpetuate relevant testimony:

> A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. The petition shall be entitled in the name of the petitioner and shall show:
>
> > (1) That the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
> >
> > (2) The subject matter of the expected action and his interest therein.
> >
> > (3) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it.
> >
> > (4) The names or a description of the persons he expects will be adverse parties and their addresses so far as known.
> >
> > (5) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

La. Code Civ. Proc. art. 1429.

This statute requires the petition to explain the relationship between the testimony sought and the anticipated litigation, but it explicitly applies only to litigation "presently unable" to be brought. *Id.* It follows then, that the amount in controversy associated with the anticipated litigation is *not* at issue in a petition to perpetuate testimony. The Louisiana Third Circuit Court of Appeal has concluded that a petition to perpetuate testimony was solely "evidentiary in nature" and not litigation on the merits, as "'no substantive relief, such as injunction, specific performance, damages or other "redress" for a legal wrong' was sought. This conclusion is wholly supported by the placement of the article within the code and the express language of the article itself." *Haybeych v. JPMorgan Chase Bank, N.A.*, 2015-90 (La. App. 3 Cir. 11/4/15), 180 So. 3d 491, 496.

6

Because the original Petition to Perpetuate Testimony was solely evidentiary in nature and did not initiate litigation on the merits or seek substantive relief, it did not "affirmatively reveal[] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman*, 969 F.2d at 163.  This matter was therefore not removable under 28 U.S.C. § 1332 and 28 U.S.C. § 1446 when initiated.

The Supplemental Petition, by contrast, seeks to set aside the $1,000,000 settlement reached in *Vanicor v. Canal Insurance* and recover additional damages from Defendants.  Doc. 1, att. 3, pp. 46-51.  Plaintiffs stipulate that the amount in controversy exceeds the jurisdictional minimum.  On these facts, the amount in controversy was first ascertainable on receipt of the Supplemental Petition.  Accordingly, the notice of removal filed within 30 days of receipt of that "other paper" was timely.  28 U.S.C. § 1446(b)(3).  The motion to remand should be denied.

## IV.
### Conclusion

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [doc. 10] be **DENIED.**  Plaintiffs' request for attorneys' fees should likewise be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the

legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

      **THUS DONE AND SIGNED** in chambers this 29th day of September, 2025

 

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**