UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DENNIS W VANICOR ET AL**  :  **CASE NO. 2:25-CV-00061**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**BARNES TRANSPORTATION SERVICES INC ET AL**  :  **MAGISTRATE JUDGE LEBLANC**

MEMORANDUM RULING

Before the court is a Rule 12(b)(2) and Rule 12(b)(6) Motion to Dismiss, or in the alternative, Motion for Summary Judgment [doc. 18] filed by defendants Barnes Transportation Services, Inc. ("BTS") and Keith Barnes. Plaintiffs oppose the motions. Doc. 24.

I.
BACKGROUND

This suit arises from a motor vehicle accident that occurred on May 20, 2021, between plaintiff Dennis Vanicor and an 18-wheeler tractor-trailer owned by BTS. Vanicor and his spouse filed suit in this court against insurer Canal Insurance Company ("Canal"), BTS, and the driver of the vehicle. *See Vanicor v. Canal Insurance Co.* ("Vanicor I"), No. 2:22-cv-801 (W.D. La. Apr. 16, 2024), at doc. 1. The matter was originally set for jury trial before the undersigned on May 13, 2024. *Id.* at doc. 30. It settled before trial, however, for the sum of $1,000,000.00 and plaintiffs executed a release to that effect on January 22, 2024. *Id.* at doc. 55, att. 2. On April 5, 2024, defendants filed a notice of settlement. *Id.* at

doc. 54. The court issued a 60-day judgment of dismissal eleven days later, dismissing plaintiffs' claims without prejudice. Doc. 55.

On August 30, 2024, plaintiffs (now represented by new counsel) filed a Petition to Perpetuate Testimony against Barnes and BTS in state court under Louisiana Civil Code articles 1429 and 1431. *Id.* at doc. 55, att. 5. There they stated that they had settled for the policy limits under Canal's coverage and released their claims against all defendants in this suit "[b]ased upon the affidavit of Keith Barnes . . . CEO of Barnes Transportation Services, Inc., dated December 18, 2023[.]" *Id.* at doc. 55, att. 5, ¶ 2. They further asserted that they wished "to do discovery pursuant to Code of Civil Procedure Articles 1429 and 1431 to ascertain if Petitioners have a basis to proceed to set aside the settlement as to Barnes Transportation Services, Inc." and requested that the state court authorize same. *Id.* at doc. 55, att. 5, ¶ 3. In the affidavit, which was attached to the state court petition, Keith Barnes stated that plaintiffs and their counsel had been provided with certain enumerated documents concerning the financial position of BTS and that these documents contained "true, correct and accurate financial information concerning the continued, and ongoing negative financial status and performance of [BTS]," which he stated had "further worsened as of year-end 2023." *Id.* at doc. 55, att. 5, pp. 6–7, ¶¶ 1–2. To that end, Barnes specified that BTS had "no cash, nor other assets, to contribute to any settlement . . . nor any ability to satisfy any judgment in excess of the $1,000,000 limit of [its] insurance policy with Canal Insurance Company[.]" *Id.* at doc. 55, att. 5, p. 7, ¶ 3. Finally, Barnes stated on behalf of himself and Barnes Transportation that he understood that the representations set forth in the affidavit were made "to induce Plaintiffs into accepting the

$1,000,000 offer of settlement;" that plaintiffs and their counsel were "specifically and materially relying on these representations in deciding to accept said offer of settlement," and finally "that if the representations contained in this affidavit are materially untrue, that would be grounds for Plaintiffs to set aside the settlement and release of their claims . . . and seek additional recovery from Barnes Transportation for their injuries and damages[.]" *Id.* at doc. 55, att. 5, pp. 7–8, ¶ 5.

Defendants in *Vanicor I* then moved to reopen the suit, arguing that plaintiffs' efforts to conduct discovery amounted to a breach of the settlement agreement. *Id.* at doc. 55. The court denied the motion, finding under *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), that there was no jurisdiction to enforce the settlement after the 60-day period had lapsed. *Id.* at doc. 63. Plaintiffs then filed a supplemental petition in state court, formally invoking their right under the Barnes affidavit to set aside that settlement and seek additional recovery from defendants. Doc. 1, att. 3, p. 46. Defendants removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Plaintiffs filed a motion to remand, which the court denied. Docs. 17, 23.

Defendants now move for dismissal based on lack of personal jurisdiction and failure to state a claim or, in the alternative, summary judgment. Doc. 18. In particular, they argue that (1) the court lacks personal jurisdiction over Keith Barnes; (2) all claims are barred by the doctrine of *res judicata* and the plaintiffs' prior release; (3) plaintiffs fail to state a cause of action for misrepresentation; or, in the alternative, (4) defendants are entitled to summary judgment because the undisputed facts preclude any claim of fraud or

rescission arising from the January 2024 settlement. *Id.* Plaintiffs oppose the motions in all respects. Doc. 24.

## II.
## LAW & APPLICATION

### A. Rule 12(b)(2) Motion

#### 1. Legal standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's jurisdiction over a nonresident defendant. *E.g.*, *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). The court may determine jurisdictional issues through evidence outside the pleadings. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002). Uncontroverted allegations in the pleadings must be taken as true, however, and conflicts in the parties' affidavits must be resolved in plaintiff's favor. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After plaintiff has made a prima facie case, the burden shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Personal jurisdiction over a defendant exists if (1) the forum state's long-arm statute extends to the defendant, and (2) the exercise of such jurisdiction is consistent with due process. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Louisiana's long-arm statute extends as far as permitted by due process, merging these two factors. *Rainey v. J&S Truck Sales, LLC*, 614 F.Supp.3d 293, 299 (M.D. La. 2022) (citing

*Petroleum Helicopters, Inc. v. Avco Corp.*, 834 F.2d 510, 512 (5th Cir. 1987)). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the protections of the forum state by establishing "minimum contacts" therewith and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Allred v. Moore & Peterson*, 117 F.3d 278, 285 (5th Cir. 1997).

Minimum contacts may be established through either general or specific jurisdiction. *Ford v. Mentor Worldwide, LLC*, 2 F.Supp.3d 898, 903 (E.D. La. 2014). General jurisdiction arises from "continuous and systematic" contacts with the forum state, even when the cause of action bears no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). Specific jurisdiction, on the other hand, is case-linked and confined to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Only specific personal jurisdiction is at issue here. In the Fifth Circuit, courts evaluate the issue with a three-step analysis. *Deep South Comms., LLC v. Fellegy*, 652 F.Supp.3d 636, 652 (M.D. La. 2023) (citing *Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)). First, the court determines whether minimum contacts exist between the defendant and the forum state. Then the court considers whether the cause of action "arises out of or results from the defendant's forum-related contacts." *Id.* Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat

jurisdiction by showing that an exercise thereof "would be unfair or unreasonable." *Id.* (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

**2. Application**

Plaintiffs concede that Barnes is domiciled in North Carolina and was not a party to the original suit. They maintain that Louisiana may exercise jurisdiction over him because he executed the December 2023 affidavit in his capacity as CEO of BTS, giving rise to the settlement. But Barnes executed that affidavit in North Carolina, and BTS is a separate legal entity.

Piercing the corporate veil allows a court to impute a corporation's contacts to its shareholder for jurisdictional purposes. *Lloyd's Syndicate 457 v. Am. Glob. Mar. Inc.*, 346 F.Supp.3d 908, 929 (S.D. Tex. 2018) (citing *Bona Fide Demolition and Recovery, LLC v. Crosby Const. Co. of La., Inc.*, 690 F.Supp.2d 435, 443 (E.D. La. 2010)). "Whether the corporate entity can be disregarded is determined by the law of the state of incorporation for each defendant[.]" *Ingenious Investments, Inc. v. Bombart*, 2006 WL 1582080, at *3 (N.D. Tex. 2006) (citing *House v. 22 Tex. Servs., Inc.*, 60 F.Supp.2d 602, 609 (S.D. Tex. 1999)). The court thus applies North Carolina law to determine if BTS's contacts can be imputed to Barnes.

Under North Carolina law, the corporate fiction may be disregarded if "the corporation is so operated that it is a mere instrumentality or *alter ego* of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State[.]" *State ex rel. Cooper v. Ridgeway Brands Mfg., LLC*, 666

S.E.2d 107, 113–14 (N.C. 2008) (quoting *Henderson v. Sec. Mortgage & Fin. Co.*, 160 S.E.2d 39, 44 (1968)). To pierce the corporate veil, the plaintiff must establish:

> 1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Dassault Falcon Jet Corp. v. Oberflex, Inc.*, 909 F.Supp. 345, 349–50 (M.D.N.C. 1995) (quoting *Glenn v. Wagner*, 329 S.E.2d 326, 330 (N.C. 1985)).

"[T]he test for alter ego for jurisdictional purposes is generally recognized to be somewhat less stringent than that necessary to impose liability." *Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F.Supp.2d 664, 687 (M.D.N.C. 2011) (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). Plaintiffs, however, present nothing in support of these factors. Accordingly, none of BTS's contacts with Louisiana can be imputed to Mr. Barnes. Instead, plaintiffs argue that Mr. Barnes "interjected himself personally to benefit the corporation" by executing the affidavit and should have thereby expected that he was exposing himself to future litigation in Louisiana. In a similar context, the Fifth Circuit "has repeatedly held that merely contracting with a resident of the forum state is insufficient to subject the nonresident defendant to personal jurisdiction" unless "the contract contemplates a long-term relationship between the nonresident defendant and a forum resident." *Lansing Trade Grp., LLC v. 3B Biofuels GmbH & Co., KG*, 612 F.Supp.2d 813, 822 (S.D. Tex. 2009) (collecting cases). Here the

affidavit did not contemplate any ongoing relationship between BTS, Barnes, and the Vanicors—instead, it formed the basis for a settlement that would end the litigation and sever any relationship between the parties. The fact that Barnes executed the affidavit, from North Carolina and in his capacity as an officer of the corporate entity, does not provide a sufficient relationship with Louisiana to permit the exercise of personal jurisdiction over him in this state. Accordingly, the claims against Barnes will be dismissed.

### B. Rule 12(b)(6) Motion

#### 1. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success

but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Meanwhile, a party may move for a more definite statement under Rule 12(e) when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably required to frame a responsive pleading[.]" Fed. R. Civ. P. 12(e). Such motions are generally disfavored. *Johnson v. BAE Sys. Land & Armaments, LP*, 2012 WL 5903780, at *4 (N.D. Tex. Nov. 26, 2012). The court should grant the motion only when the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). When, on the other hand, a defendant complains "of matters that can be clarified and developed during discovery . . . an order directing the plaintiff to provide a more definite statement is not warranted." *Johnson*, 2012 WL 5903780 at *4 (quoting *Brown v. Whitcraft*, 2008 WL 2066929, at *1 (N.D. Tex. May 15, 2008)).

**2. Application**

Defendants next move for dismissal of plaintiffs' claims under Rule 12(b)(6), asserting that (1) they are barred under the doctrine of *res judicata* and the release executed in *Vanicor I* and (2) plaintiffs fail to state a cause of action for misrepresentation. On the first issue, "federal courts sitting in diversity apply the preclusion law of the forum state unless it is incompatible with federal interests." *Dotson v. Atlantic Spec. Ins. Co.*, 24 F.4th 999, 1002–03 (5th Cir. 2022) (quoting *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020)). Accordingly, Louisiana law governs the applicability of *res judicata*

in this matter. The party raising the objection of *res judicata* bears the burden of proof. *Five N Company, LLC v. Stewart*, 850 So.2d 51, 60 (La. Ct. App. 5th Cir. 2003). The doctrine is strictly construed and any doubt concerning its application must be resolved against the party raising the objection. *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 806 So.2d 163, 167 (La. Ct. App. 4th Cir. 2002).

Under La. R.S. § 13:4231, the following elements must be met for *res judicata* to bar a claim: (1) the original judgment is valid, (2) the original judgment is final, (3) the parties are the same, (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation, and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first suit. *Cook v. Marshall*, 645 F.Supp.3d 543, 550 (E.D. La. 2022); *see also Chevron U.S.A., Inc. v. State*, 993 So.2d 187, 194 (La. 2008). "While the doctrine of *res judicata* is ordinarily premised on a final judgment on the merits, it also applies where the opposing parties have entered into a compromise or settlement of a disputed matter. Thus, compromises have the legal efficacy of the thing adjudged." *McHugh v. Coon*, 249 So.3d 224, 227 (La. Ct. App. 2d Cir. 2018). A compromise is the law between the parties and must be interpreted according to their intent. *Omega Gen. Constr., LLC v. Rec. and Parks Comm'n for Par. of E. Baton Rouge*, 341 So.3d 53, 59 (La. Ct. App. 1st Cir. 2021) (citing *Chauvin v. Exxon Mobil Corp.*, 158 So.3d 761, 766 (La. 2014)). "When the words of a compromise are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *Id.* (citing La. Civ. Code art. 2046).

The parties do not dispute that the settlement of *Vanicor I* operated to release plaintiffs' claims against all defendants in exchange for the sum of $1,000,000.00. Instead, plaintiffs seek to set aside that settlement under Paragraph 5(c) of the Barnes affidavit, implying misrepresentations by Barnes as to the financial condition of BTS at the time of the settlement. Under Louisiana law, "[a] compromise may be rescinded for error, fraud, and other grounds for the annulment of contracts." La. Civ. Code art. 3082. If the settlement is invalidated on this basis, then it no longer has preclusive effect. *E.g.*, *Karst v. Fryar*, 361 So.2d 1344, 1347 (La. Ct. App. 3d Cir. 1978); *see also Daigle v. Clemco Indus.*, 613 So.2d 619, 620–21 (La. 1993) ("Accordingly, we conclude that the compromise of a . . . claim has res judicata effect if there is no error, fraud, duress or undue influence which vitiates the consent of the potential . . . beneficiary."). Thus, the court must first determine whether grounds for rescission exist.

Plaintiffs cite the Barnes affidavit and express their "desire to do discovery" and to "invoke their right under Paragraph 5(c) of the Affidavit" to set aside the settlement. Doc. 1, att. 3, ¶ 3; doc. 1, att. 2, ¶ 7. As demonstrated above, Barnes stated in the affidavit that he was providing accurate information as to the financial condition of BTS, based on disclosure of several enumerated documents, and knew that this information was inducing plaintiffs to settle. Under Paragraph 5(c), Barnes further states that he understands "that if the representations contained in this affidavit are materially untrue, that would be grounds for Plaintiffs to set aside the settlement . . . ." Doc. 1, att. 3, p. 8. Accordingly, to the extent plaintiffs are attempting to set aside the settlement under Paragraph 5(c), they are making a claim of fraud.

Under Federal Rule of Civil Procedure 9(b), allegations of fraud must be stated with particularity. Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). While the court can infer some of the likely circumstances from the alleged affidavit itself, plaintiffs have not yet even made a direct allegation of misrepresentation. Instead, they appear to assert a right to conduct a fishing expedition and see if any basis for such a claim exists. Rule 9(b) stands "as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner rather than later," and the Fifth Circuit applies it "with bite and without apology[.]" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185–86 (5th Cir. 2009) (internal quotations omitted). Additionally, the Fifth Circuit has long recognized a "strong public policy encouraging the settlement of cases," *Enriquez v. Estelle*, 527 F. App'x 305, 306 (5th Cir. 2011) (citing *Ho v. Martin Marietta Corp.*, 845 F.2d 545, 547 n. 2 (5th Cir. 1988)). Accordingly, the court will not allow plaintiffs to open discovery to set aside a settlement without showing the basis of their belief that a fraud was committed. The implications from plaintiffs' complaint and supplement lack sufficient factual allegations to "make relief plausible, not merely conceivable, when taken as true." *Kanneganti*, 565 F.3d at 186. The motion to dismiss will therefore be granted, with leave to amend within 30 days. Summary judgment is premature unless and until any discovery has taken place.

## III.
### Conclusion

For the reasons stated above, the Motions to Dismiss filed under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) [doc. 18] will be **GRANTED** and the Motion for Summary Judgment [*id.*] will be **DENIED** as premature. Accordingly, all claims against defendant Keith Barnes will be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction while all claims against Barnes Transportation Services, Inc. will be **DISMISSED** for failure to state a claim, without prejudice to plaintiffs' right to amend and address the deficiencies in these claims only within 30 days. If plaintiffs fail to seek leave to amend, the claims are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of November, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**